# In the United States Court of Federal Claims

No. 25-1926
(Filed: August 11, 2026)

**NOT FOR PUBLICATION**

| | |
|---|---|
| EARON DREVON DAVIS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

*Earon Drevon Davis*, Moreno Valley, CA, *pro se*.

*Oliver McDonald*, U.S. Department of Justice, Washington, DC, counsel for Defendant.

**<u>OPINION AND ORDER</u>**

**DIETZ, Judge.**

Earon Drevon Davis, proceeding *pro se*, filed a complaint against the United States seeking $255,150,000 for breach of contract and for a taking in violation of the Fifth Amendment to the United States Constitution. The government moves to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, the government's motion is **GRANTED**.

## I. BACKGROUND

On October 8, 2025, Mr. Davis purchased postage and sent mail via the United States Postal Service ("USPS"). Compl. [ECF 1] at 2. Mr. Davis claims that although the USPS should have delivered the mail to its destination by October 9, 2025, it had not done so as of November 5, 2025. *Id.* Mr. Davis further alleges:

> [T]he USPS's failure to deliver mail in a timely manner, resulting in loss of trademark protection, commercial harm, and interference with intellectual property rights, constitutes a taking of private property without just compensation in violation of the Fifth Amendment's Takings Clause. This claim is further supported by the existence of an implied-in-fact contract between the Plaintiff and

> the USPS arising from the payment of postage and the expectation of proper delivery service.

*Id.* at 1. The government moved to dismiss the complaint on January 9, 2026. Def.'s Mot. to Dismiss [ECF 7]. Mr. Davis responded on January 9, 2026, Pl.'s Opp. [ECF 8],[1] and the government replied on January 22, 2026, Def.'s Reply [ECF 9].

## II. LEGAL STANDARDS

"Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits." *Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). The United States Court of Federal Claims has limited jurisdiction. *See Transcountry Packing Co. v. United States*, 568 F.2d 1333, 1336 (Ct. Cl. 1978). Its jurisdiction is primarily defined by the Tucker Act, which waives the sovereign immunity of the United States for non-tort claims founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1). The Tucker Act is solely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a right to money damages created by some constitutional provision, statute or regulation, or express or implied contractual relationship with the United States. *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000) (citing *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995)). In addition to identifying "a money-mandating source[, a plaintiff must also make] a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") governs the dismissal of claims for lack of subject-matter jurisdiction. If the Court determines that the source of law is not money-mandating, then the Court lacks jurisdiction and the case should be dismissed. *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1308 (citing *Greenlee Cnty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all undisputed factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Even if a plaintiff successfully establishes jurisdiction based on a money-mandating source of law, "[i]f [] the court concludes that the facts as pled do not fit within the scope of [the money-mandating source], the court [must] dismiss the claim on the merits under [RCFC] 12(b)(6) for failure to state a claim upon which relief can be granted." *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007) (citing *Fisher v. United States*, 402 F.3d 1167, 1175-76 (Fed. Cir. 2005)). "To survive a motion to dismiss [under RCFC 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of

[1] On January 9, 2026, Mr. Davis filed a supplemental response, which appears to be a duplicate of his earlier filed opposition to the government's motion to dismiss. *See* Pl.'s Supp. Opp. [ECF 11].

action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nevertheless, "[d]espite this permissive standard, a pro se plaintiff must still satisfy the court's jurisdictional requirements." *Treviño v. United States*, 113 Fed. Cl. 204, 208 (2013) (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004)), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014). Further, "[a]lthough *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest." *Hutchens v. United States*, 89 Fed. Cl. 553, 560 (2009).

## III. DISCUSSION

The government argues that the Court should dismiss Mr. Davis's complaint under RCFC 12(b)(1) because it "lacks jurisdiction over [it] no matter how it is construed." [ECF 7] at 3. According to the government, regardless of the characterization of Mr. Davis's claim—be it a breach of contract claim or a taking claim—this Court cannot exercise jurisdiction over it because there exists a statutory scheme for resolving complaints from the public about the USPS's services. *Id.* at 4. Additionally, the government argues that, even if Mr. Davis's complaint is construed as alleging a tort claim, this Court lacks jurisdiction over it under the Tucker Act. *Id.* at 5. Alternatively, the government argues that, even if the Court has jurisdiction over Mr. Davis's claim, "the Court should still dismiss his complaint [under RCFC 12(b)(6)] because he fails to allege sufficient facts on which relief can be granted." *Id.* For the reasons stated below, the Court finds that dismissal of Mr. Davis's complaint is appropriate under RCFC 12(b)(1) for lack of subject-matter jurisdiction.

First, the Court is statutorily precluded from exercising jurisdiction over Mr. Davis's complaint. Specifically, federal law provides as follows:

> Any interested person . . . who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601,[2] or this chapter (or regulations promulgated under any of those provisions) may lodge

[2] Section 101(d) states: "Postal rates shall be established to apportion the costs of all postal operations to all users of the mail on a fair and equitable basis." 39 U.S.C. § 101(d). Section 401(2) states:

> Subject to the provisions of section 404a, the Postal Service shall have the following general powers: . . . to adopt, amend, and repeal such rules and regulations, not inconsistent with this title, as may be necessary in the execution of its functions under this title and such other functions as may be assigned to the Postal Service under any provisions of law outside of this title;

*Id.* § 401(2). Section 403(c) states: "In providing services and in establishing classifications, rates, and fees under this title, the Postal Service shall not, except as specifically authorized in this title, make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user." *Id.* § 403(c). Section 404a identifies specific limitations on the powers of the Postal Service. *Id.* § 404a. Section 601 identifies those circumstances under which "[a] letter may be carried out of the mails." *Id.* § 601(a).

> a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe.

39 U.S.C. § 3662(a). "A person . . . adversely affected or aggrieved by a final order or decision of the Postal Regulatory Commission may, within 30 days after such order or decision becomes final, institute proceedings for review thereof by filing a petition in the United States Court of Appeals for the District of Columbia." *Id.* § 3663. Thus, if Mr. Davis chooses to file a complaint against the USPS regarding any of the areas covered by the referenced provisions, he must first exhaust his administrative remedies by filing a complaint with the Postal Regulatory Commission under section 3662(a). Then, if he chooses to appeal the Postal Regulatory Commission's decision, he must do so by filing a complaint in the United States Court of Appeals for the District of Columbia. In sum, "the [g]overnment is not liable—assuming that an implied contract of bailment exists between the [g]overnment and a sender by virtue of a mailing—for loss of or damage to mail, except as may be provided in the postal laws and regulations." *Marine Ins. Co. v. United States*, 410 F.2d 764, 765-66 (Ct. Cl. 1969); *accord Twentier v. United States*, 109 F. Supp. 406, 408-09 (Ct. Cl. 1953) ("The United States is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations."); *Lucas v. United States*, 228 Ct. Cl. 860, 861-62 (1981) ("It is quite clear that Congress has not waived sovereign immunity for claims arising from the negligent transmission of mail by the USPS for it has specifically prohibited such suits." (citing 28 U.S.C. § 2680(b))); *see also St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 550 (Fed. Cir. 1994) ("Courts have consistently found preemption of Tucker Act jurisdiction where Congress has enacted a precisely drawn, comprehensive and detailed scheme of review in another forum[.]"). Therefore, dismissal of Mr. Davis's complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1) is appropriate.

Further, although Mr. Davis asserts claims against the USPS in this Court, he fails to "identify a constitutional provision, federal statute, executive agency regulation, or an express or implied contract with the United States that creates a right to money damages." *Allen v. United States*, 824 F. App'x 1013, 1014 (Fed. Cir. 2020) (citing 28 U.S.C. § 1491(a)(1)). While Mr. Davis contends that there was "an implied-in-fact contract between [himself] and the USPS arising from the payment of postage and the expectation of proper delivery service," [ECF 1] at 1, that "the USPS failed to deliver the mail as contracted and as reasonably expected under its service obligations," *id.* at 2, that "[t]his prolonged and unexplained delay in delivery constitutes a breach of the implied contract between [himself] and the United States," *id.*, and that "[t]he United States, acting through the USPS, failed to uphold its contractual . . . obligations," *id.*, the Court finds that his claims sound in tort and are therefore outside this Court's jurisdiction. *See Lucas*, 228 Ct. Cl. at 862 (holding that "those portions of plaintiff's claims based upon the delay in transmitting the letter sound in tort," over which this Court lacks "original jurisdiction"); *Kennedy v. United States*, 179 Fed. Cl. 426, 439 (Fed. Cl. 2025) (holding that the plaintiff's claims that the USPS negligently or willfully mishandled his mail "sound in tort law, over which this Court has no jurisdiction (irrespective of how the claim is framed or characterized)" (citation omitted)); *Terry v. United States*, 99 Fed. Cl. 384, 391 (2011) ("[T]he United States Court of Federal Claims does not have subject matter jurisdiction to adjudicate claims relating to the mishandling of mail because those claims sound in tort." (citing *Naskar v. United States*, 82 Fed.

Cl. 319, 321 (2008))). Accordingly, dismissal of his breach of contract claim for lack of subject-matter jurisdiction under RCFC 12(b)(1) is appropriate.

Finally, while the Court generally has jurisdiction to hear claims pursuant to the Takings Clause of the Fifth Amendment, *Thundathil v. United States*, No. 19-1008C, 2021 WL 945100, at *4 (Fed. Cl. Mar. 12, 2021), dismissal of such claims for lack of subject-matter jurisdiction is proper where the claims are "so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy," *Steward v. United States*, 80 Fed. Cl. 540, 543 (2008) (quoting *Moden v. United States*, 404 F.3d 1335, 1341-42 (Fed. Cir. 2005)). The Takings Clause of the Fifth Amendment prohibits the government from taking "private property . . . for public use, without just compensation." U.S. Const. amend. V. To determine whether governmental action constitutes a taking, the court considers "whether the claimant has identified a cognizable Fifth Amendment property interest" and, if so, "whether that property interest was 'taken.'" *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009). Importantly, a takings claim "cannot be found on the theory that the United States has taken unlawful action." *Moody v. United States*, 931 F.3d 1136, 1142 (Fed. Cir. 2019). Here, Mr. Davis "alleges that the USPS's failure to deliver mail in a timely manner[] . . . constitutes a taking of private property without just compensation in violation of the Fifth Amendment's Takings Clause." [ECF 1] at 1. Because he characterizes the USPS's actions as unlawful, his claim does not fall within this Court's jurisdiction. *See Thundathil*, 2021 WL 945100, at *4-*5 (holding that the Court lacked jurisdiction over the plaintiff's Takings Clause claim because it characterized the government's conduct as unlawful). Therefore, to the extent that Mr. Davis alleges that the government violated the Takings Clause, the Court must dismiss the claim under RCFC 12(b)(1) for lack of subject-matter jurisdiction.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS** "Defendant's Motion to Dismiss" [ECF 7]. The Clerk is hereby **DIRECTED** to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge